UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ATKINSON,

                    Plaintiff,

        -against-

IN THE MATTER OF THE STATE OF
NEW YORK M.H.L. ART. 10, *et al.*,

                    Defendant.

20-CV-2147 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff Anthony Atkinson, currently detained at the Manhattan Psychiatric Center, filed

this *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that his ongoing civil confinement

is unconstitutional, and that he is being denied adequate mental health treatment. By order dated

March 13, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis*. Plaintiff

seeks release and money damages. For the following reasons, the Court grants Plaintiff leave to

file an amended complaint.

### STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

        While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint, attachments, and public records. On June 21, 1996, Plaintiff was convicted in New York State Supreme Court, Suffolk County, of first-degree rape. He was sentenced to 23 years in prison, with a maximum release date of September 28, 2018. Plaintiff served his sentence at Gouverneur Correctional Facility, in St. Lawrence County, New York.

On August 29, 2018, Plaintiff appeared before Suffolk County Judge Barbara Kahn. Plaintiff "tried to present" Judge Kahn with a motion under New York Criminal Procedure Law § 440.10, but she "refused to accept" it and told Plaintiff to "report to the police department

upon" his release.[1] On September 13, 2018, the New York State Attorney General's Office moved in the St. Lawrence County Court to detain Plaintiff under Article 10 of the New York Mental Hygiene Law, also known as the Sex Offender Management and Treatment Act (SOMTA). The following day, St. Lawrence County Judge Mary Farley ordered that Plaintiff be held past his maximum release date.

According to Plaintiff, a hearing was supposed to take place within seventy-two hours of his release date, or 30 days from the date of Judge Farley's September 14, 2018 hold order. Instead, the hearing was not held until January 4, 2019, after which Suffolk County Judge Ambro ordered Plaintiff's civil confinement. On January 31, 2019, Plaintiff was transferred to the Manhattan Psychiatric Center (MPC), where he remains.[2]

Plaintiff alleges that "no 'current' mental abnormality exists," and thus the state is "violat[ing his] liberty interest in being released upon the expiration of his criminal sentence." (ECF 1:20-CV-2147, 2 ¶ 11.) Plaintiff further asserts that to the extent he has a congenital mental illness, an examination under New York Criminal Procedure Law § 730 should have been conducted during his criminal proceedings to determine his capacity to assist in his defense.

Plaintiff also asserts facts suggesting that he is being denied proper mental health treatment, which is contributing to his ongoing custody. According to Plaintiff, Nurse Grace

---

[1] On December 4, 2018, Judge Kahn denied the § 440.10 motion on the merits.

[2] It is not clear whether Plaintiff appealed Judge Ambro's January 2019 order. Publicly available court records show only that Plaintiff was denied leave to appeal an unspecified December 4, 2018 Suffolk County Supreme Court order. *See People v. Atkinson*, Ind. No. 2019-074557, 2019 WL 5302446 (2d Dep't Oct. 18, 2019). In a letter that this Court received on March 30, 2020, Plaintiff states that Judge Ambro presided over a bench trial on October 19, 2019, and determined that Plaintiff suffered from a "mental abnormality" as defined under the state mental health law. Plaintiff further asserts that on March 9, 2020, Judge Ambro held a "dangerous[ness] hearing" to "determine if Plaintiff is eligible for S.I.S.T. and the judge again found in favor of the same States doctors and ordered the Plaintiff Civilly Confined." (ECF 1:20-2147, 4.)

Okocha is not licensed or trained to provide mental health services but is serving in that capacity, and supervisors Wance and Belfi are aware of this but failing to correct it. Plaintiff seeks money damages and to be released.

## DISCUSSION

### A. Challenge to Mental Health Treatment

The Court construes Plaintiff's allegations about the mental health care he is receiving as a deliberate indifference claim under the Eighth or Fourteenth Amendments of the United States Constitution.[3] To state a deliberate indifference claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to him. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993).

A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

Courts in this Circuit have held that a claim arising from civil commitment is evaluated under the Due Process Clause of the Fourteenth Amendment. *See, e.g.*, *Aiello v. Lamitie*, No. 16-

---

[3] Claims brought by pretrial detainees arise under the Due Process Clause of the Fourteenth Amendment; claims of convicted prisoners arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

CV-53, 2020 WL 918989, at *9–10 (N.D.N.Y. Feb. 26, 2020); *Williams v. Sykes*, No. 17-CV-990, 2019 WL 2374116, *2 (N.D.N.Y. May 10, 2019) (citing *Darnell*, 849 F.3d at 29)), *report and recommendation adopted*, 2019 WL 2369882 (N.D.N.Y. June 5, 2019); *D.K. by L.K. v. Teams*, 260 F. Supp. 3d 334, 354 (S.D.N.Y. 2017) (applying *Darnell* to § 1983 claims brought by residents of New York State Office for People With Developmental Disabilities (OPWDD) facility against OPWDD employees). The Court will thus evaluate Plaintiff's claim under the Due Process Clause of the Fourteenth Amendment.

To state a Fourteenth Amendment claim for the denial of medical care, a pretrial detainee must allege that: (1) the denial was "sufficiently serious to constitute an objective deprivation of the right to due process," *Darnell*, 849 F.3d at 30; and (2) the defendant either "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety," *id.* at 35 (relying on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). An allegation asserting malpractice or the negligent failure to provide adequate care does not state a constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darnell*, 849 F.3d at 36 ("any § 1983 claim for violation of due process requires proof of a *mens rea* greater than mere negligence"). And "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to a [constitutional] violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the decisions of mental health professionals are "presumptively valid," and this presumption is overcome "only when the decision by the professional is . . . a substantial

departure from accepted professional judgment, practice, or standards." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982). Liability may be imposed "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323; *see also Lombardo v. Freebern*, No. 16-CV-7146 (KMK), 2018 WL 1627274, at *18–19 (S.D.N.Y. Mar. 3, 2018) ("These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.")

Plaintiff fails to provide facts showing that he is being deprived of adequate mental health services, and thus the complaint does not state a valid claim arising out of that treatment. Plaintiff's sole allegation is that Nurse Okocha, with the knowledge of her supervisors, participated in some aspect of his mental health treatment, although she is not a licensed psychologist. Plaintiff does not explain what Nurse Okocha's role was in his treatment, and he does not describe the nature of the treatment he is receiving overall, or why the circumstances under which he is being treated rise to the level of a constitutional violation. Plaintiff is granted leave to provide facts showing that the treatment he received created an objectively serious risk of harm to him.

1. Claim Against New York State or the MPC

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*; *see also Capers v. Kirby Forensic Psychiatric Ctr.*, No. 13-CV-6953 (AJN), 2016 WL 817452, at *1 (S.D.N.Y. Feb. 25, 2016) (noting dismissal of claims against Kirby Forensic Psychiatric Center under the

Eleventh Amendment). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Accordingly, any § 1983 claims against either New York State or the MPC are barred by the Eleventh Amendment and are dismissed with prejudice on immunity grounds and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

2. Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

Plaintiff does not name any person as a defendant who was personally involved in the events underlying his claims, and he does not allege sufficient facts to show that any individual defendant was deliberately indifferent to a serious medical or mental health condition. If Plaintiff submits an amended complaint, he must name as defendants all persons who were personally involved in violating his rights and set forth facts showing that they should be held liable under § 1983.

**B. Challenge to Custody**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States District Courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). The fact that Plaintiff is challenging his civil commitment rather than his underlying criminal conviction does not change the outcome as civil commitments are typically challenged in habeas proceedings. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement).

A person in state custody may challenge his confinement under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. However, a § 2241 petition generally challenges the execution of a sentence such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*,

---

[4] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

245 F.3d 144, 146 (2d Cir. 2001). Plaintiff's challenge to the term of his confinement rather than the conditions surrounding it may be properly brought under § 2254. *See Buthy v. Comm'r of Office of Mental Health of New York*, 818 F.2d 1046, 1051-52 (2d Cir. 1987) (petitioning for a writ of habeas corpus pursuant to § 2254 is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a state psychiatric institution); *Roache v. McCulloch*, No. 19-CV-1069, 2019 WL 4327271, at *3 (N.D.N.Y. Sept. 12, 2019).

Here, Plaintiff seeks to challenge the outcome of a state court proceeding that was held in Suffolk County, located in the Eastern District of New York. Thus, he must file his § 2254 petition in the United States District Court for the Eastern District of New York. Should Plaintiff file a *habeas corpus* petition in that court, he must allege that he has fully exhausted his state court remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Plaintiff's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).[5]

Moreover, under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the petition must set forth the grounds for seeking relief and the facts supporting each ground. A petition must permit the Court and the respondent to comprehend both the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

---

[5] Plaintiff must allege that he has challenged his current civil confinement in state court by filing a petition for discharge in the appropriate state court, *see* N.Y. Mental Hygiene Law § 10.09 (setting forth procedures for challenging an Article 10 commitment order); a state-court *habeas corpus* petition, *see* N.Y. C.P.L.R. §§ 7001-7012; or an appeal in the appropriate state appellate court.

Here, Plaintiff does not set forth facts showing that his current civil confinement violates federal law. Should Plaintiff file a *habeas corpus* petition in the Eastern District, he must provide facts showing that his present custody is unconstitutional.[6]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his § 1983 claims regarding his mental health treatment. First, Plaintiff must name as the defendant(s) in the caption[7] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[8] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint.

---

[6] Some of Plaintiff's allegations target the legality of his 1996 Suffolk County conviction. Any challenge to that conviction would also need to be asserted in a filing in the Eastern District of New York.

[7] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[8] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2147 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

This order will be mailed in chambers.

SO ORDERED.

Dated:   April 3, 2020
         New York, New York

*Louis L. Stanton*

Louis L. Stanton
U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)


# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

# I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

# II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                          Zip Code

# III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                                      Plaintiff's Signature

_____
First Name                          Middle Initial              Last Name

_____
Prison Address

_____
County, City                                     State                       Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:  _____